IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIAM D. BOILEAU,                          :
                                             :
        Petitioner,                          :
                                             :
VS.                                          :        NO. 5:11-CV-441 (MTT)
                                             :
TERRY DUFFY, Warden,                         :
                                             :        Proceedings Under 28 U.S.C. § 2254
        Respondent.                          :        Before the U.S. Magistrate Judge
_____:

## RECOMMENDATION

Respondent Warden Terry Duffy has filed a Motion to Dismiss the above-captioned petition alleging that it is untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). Doc. 9. Because Petitioner failed to file his petition within the one-year period of limitations and has failed to present any evidence that he is entitled equitable tolling, it is **RECOMMENDED** that the petition be **DISMISSED**.

PROCEDURAL HISTORY

On February 16, 2005, Petitioner William D. Boileau was convicted by a jury in Houston County, Georgia, of Aggravated Child Molestation and Aggravated Sodomy. Doc. 11-5 at 29. Petitioner was sentenced to a "split sentence" of thirty (30) years, with eighteen (18) years to be served in prison and the remaining twelve (12) years to be served on probation. Id. at 27-28. On April 12, 2007, the Georgia Court of Appeals affirmed Petitioner's conviction and sentence. Boileau v. State, 285 Ga. App. 221, 645 S.E.2d 577 (2007); Doc. 11-1. On May 4, 2007, the Georgia Court of Appeals denied Petitioner's motion for reconsideration. Id.

On October 6, 2008, Petitioner filed a state habeas corpus petition in the Superior Court of Mitchell County. Doc. 11-2. Following an evidentiary hearing, the state habeas corpus petition

1

was denied in an order dated June 28, 2010. Doc. 11-3. On February 7, 2011, the Georgia Supreme Court dismissed Petitioner's untimely filed application for a certificate of probable cause to appeal. Doc. 11-4. On October 19, 2011, Petitioner filed his federal habeas corpus petition in this Court. Doc. 1.

DISCUSSION

Respondent contends that Petitioner's federal habeas corpus petition should be dismissed as untimely because Petitioner failed to submit his petition within one year of his conviction becoming final. An individual seeking a federal writ of habeas corpus must file his petition within one year of "the date on which judgment became final by the conclusion of direct review or the expiration of time seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] A conviction becomes final on the date of the United States Supreme Court's denial of a petition for a writ of certiorari or when the time for filing a petition for writ of certiorari has expired. Clay v. United States, 537 U.S. 522, 527 (2003). Unless there is a clear statutory or constitutional bar to higher state court review, the U.S. Supreme Court requires petitioners to seek review in the state's highest court before considering a petition for certiorari. Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006). If the petitioner fails to seek review in the state's highest court, the conviction becomes final when the time to seek review has expired. See id. at 1299-3000.

The one-year period of limitations runs until the petitioner files a state motion for post-conviction relief. Once the petitioner files a motion for post-conviction relief, the tolling of the one-year time period begins. 28 U.S.C. 2244(d)(2). The one-year period then resumes running when the state's highest court issues a mandate disposing of the motion for post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 331-32 (2007).

---

[1] The one-year limitation may be triggered by other events described in 28 U.S.C. § 2244(d)(1); however, none of those grounds are applicable in this case.

In this case, Petitioner failed to execute his federal habeas corpus petition within the one-year statutory requirement. The Georgia Court of Appeals denied Petitioner's motion for reconsideration on May 4, 2007. Under Georgia Supreme Court Rule 38, Petitioner then had ten days to file a notice of intent to apply for certiorari to the Georgia Supreme Court. It does not appear from the record that Petitioner filed a notice of intent to apply for certiorari. Accordingly, Petitioner's conviction became final on May 14, 2007, ten days after his motion for reconsideration was denied. Petitioner then waited 511 days before filing his state habeas corpus petition on October 6, 2008. Because over a year had passed before Petitioner filed his state habeas corpus petition, there was no time left to be tolled by the filing of his state petition. As such, Petitioner did not file his federal habeas petition within the AEDPA's one-year limitation.

Under very limited circumstances, the doctrine of equitable tolling allows the district court to review the petition if it was untimely filed because of "extraordinary circumstances that [were] both beyond [the petitioner's] control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The petitioner bears the burden of proving the circumstances that justify the use of equitable tolling. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002). If the petitioner makes no effort to demonstrate that he meets the necessary criteria, he is not eligible for equitable tolling. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004). In this case, Petitioner has made no effort to show that he is entitled to equitable tolling. As such, Petitioner's motion is time-barred under the AEDPA.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues

that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), <u>Federal Rules Governing Section 2254 Cases</u>.

In this case, there has been no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the district court should deny a certificate of appealability in its final order.

Pursuant to § 2254 Rule 11(a): "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this Recommendation.

CONCLUSION

For the above reasons, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED,** the instant Section 2254 petition for writ of habeas corpus be **DISMISSED** with prejudice, and that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 11th day of May, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge